IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFIYQ DAVIS,  :  <br>    Plaintiff,  : <br> : <br> v.   : <br> : <br> SOCIAL SECURITY   : <br> ADMINISTRATION, *et al.*  : <br>    Defendants.  :  | CIVIL ACTION NO. 23-CV-4771 |

### MEMORANDUM

**SCOTT, J.**     APRIL  29 ,2024

    *Pro se* Plaintiff Rafiyq Davis brings this civil action alleging claims against the Social Security Administration ("SSA"), two attorneys, and a law firm, in connection with his attempt to secure social security benefits.  Davis seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Davis leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.   FACTUAL ALLEGATIONS**[1]

    Davis names the following Defendants in his Complaint:  (1) the SSA; (2) Leventhal, Sutton & Gornstein (the "Leventhal Firm"); (3) Jess Leventhal; and (4) Eric A. Shore.  (Compl. at 2-3.)  The facts are brief.  Davis alleges that he is "to be receiving social security benefits as well as other benefits" from the SSA, including "survival benefits and death payments, etc."  (*Id*. at 3.)  Jess Leventhal and the Leventhal Firm were "hired to retrieve these benefits . . . but for some reason they claimed [Davis] was denied" the benefits.  (*Id*.)  Davis states that he had "video court appearances" about social security benefits "on/around 2016 and/or 2014 and

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

2017," and that he "believes" that either Shore or an attorney from the Leventhal Firm attended one of these hearings. (*Id*.) Jess Leventhal and the Leventhal Firm "repeatedly" requested Davis to provide his social security number. (*Id*. at 4.) The SSA also requested that Davis provide his social security number even though he had already provided the SSA his state "Real ID" identification card. (*Id*.) Davis contends that the attorneys violated his Sixth Amendment rights. (*Id*.) He does not specify the relief he seeks but instead states that "relief will be sought[] at [the] appropriate time." (*Id*.)

II.     **STANDARD OF REVIEW**

The Court grants Davis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Additionally, the Court must review any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

2

jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As Davis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

### A.   Claims against the SSA

The nature of Davis's claims against the SSA is not clear from his Complaint. To the extent he intends to assert due process claims against the SSA pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the claims must be dismissed.[2] *Bivens* claims must be brought against individual federal officials rather than a

---

[2] *Bivens* recognized a cause of action for damages for certain constitutional violations caused by federal actors. Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017); *see Egbert v. Boule*, 596 U.S. 482, 491 (2022). The Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) ("These three cases - *Bivens*, *Davis*, and *Carlson* - represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself."). "To preserve the separation of powers, the Court has 'consistently rebuffed' efforts to extend *Bivens* further . . [because] [t]he Constitution entrusts Congress, not

government agency such as the SSA.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials.").  Moreover, the Supreme Court has rejected the extension of *Bivens* to due process violations brought in connection with the denial of Social Security benefits.  *See Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988) (concluding that a *Bivens* "remedy [for improper denial of Social Security disability benefits], not having been included in the elaborate remedial scheme devised by Congress, is unavailable").  Nor is there any basis for extending *Bivens* to recognize a remedy for other constitutional violations that may be alleged here in light of the availability of review of SSA benefits decisions under 42 U.S.C. § 405(g).  *Abbasi*, 137 S. Ct. 1843 ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity"); *Vanderklok*, 868 F.3d at 199 (noting that the Supreme Court has only recognized a Bivens remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action").[3]

It is possible that Davis requests this Court to review the SSA's alleged denial of "survival benefits and death payments."  (Compl. at 3.)  District Courts have jurisdiction to

---

the courts, with the power to create new federal causes of action and remedies."  *Dongarra*, 27 F.4th at 180 (citing *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)); *see also Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023) ("In the fifty-two years since *Bivens* was decided, . . . the Supreme Court has pulled back the reins to what appears to be a full stop and no farther.").

[3] To the extent Davis's *Bivens* claims relate to the "social security video court date" that allegedly took place "on/around 2016 and/or 2014 and 2017," the claims also appear to be time barred.  The statute of limitations for a *Bivens* claim is governed by the analogous two-year Pennsylvania statute of limitations governing personal injury torts.  *See Kornafel v. United States Postal Serv.*, 784 F. App' x 842, 843 (3d Cir. 2019) (*per curiam*) (citing *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *Omar v. Blackman*, 590 F. App'x 162, 165 (3d Cir. 2014) ("Therefore, in Pennsylvania, actions brought under . . . *Bivens* are subject to a two-year limitations period.").

review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g). *Matthews v. Apfel,* 239 F.3d 589, 592 (3d Cir. 2001) (citing 42 U.S.C. § 405(g); *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)); *see also English v. Soc. Sec. Admin.*, 705 F. App'x 116, 116 (3d Cir. 2017) (*per curiam*) ("Federal-court jurisdiction over Social Security benefits cases is provided by 42 U.S.C. § 405(g)."). If Davis seeks judicial review of an SSA decision with respect to his social security benefits, it is not clear from the Complaint whether his claims are properly before the Court. In particular, although Davis mentions "video court appearances regarding social security on/around 2016 and/or 2014 and 2017," it is not clear whether Davis obtained a final decision from the Commissioner, which would provide this Court with the jurisdiction to review. *See Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998) ("Ordinarily, judicial review is barred absent a 'final decision' by the Commissioner of Social Security.") (citation omitted).[4]

Because it is unclear that Davis has exhausted his administrative remedies, thereby vesting this Court with jurisdiction, and because he has not named the SSA Commissioner as a Defendant, his claims against the SSA will be dismissed. If Davis had a hearing before an administrative law judge, obtained a final decision of the Commissioner of Social Security, and is not satisfied with that decision, he may seek redress pursuant to § 405(g) in a separate lawsuit that names of the Commissioner as a Defendant. The Court expresses no opinion on the merits of any such claims.

---

[4] To the extent the relevant "final decision" made by the Commissioner occurred sometime in 2014, 2016 or 2017, when the alleged court appearances occurred, any request by Davis for review of that decision would be untimely. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow.") (emphasis added).

### B. Claims against Attorneys and the Levnthal Firm

Davis asserts Sixth Amendment claims against Jess Levnthal, Eric Shore, and the Leventhal Firm in connection with their representation of him to obtain social security benefits. The Sixth Amendment, however, provides certain rights to defendants facing "criminal prosecutions" only and not to plaintiffs in civil actions like this one. *See* U.S. Const. amend. VI. Accordingly, Davis's Sixth Amendment claims will be dismissed.

It is possible that Davis intends to assert other constitutional claims against Leventhal, Shore, and the Leventhal Firm. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Privately retained attorneys – like the ones named in this lawsuit – are generally not considered state actors when "performing their traditional functions" as attorneys. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (affirming dismissal of claims against private and court-appointed criminal defense attorneys as they were not state actors for purposes of § 1983); *Turack v. Guido*, 464 F.2d 535, 536 (3d Cir. 1972) ("The claims against appellant's own attorney are essentially malpractice contentions and do not allege a deprivation of civil rights under color of state law."); *Coulter v. Allegheny Cnty. Bar Ass'n*, 496 F. App'x

167, 169 (3d Cir. 2012) (*per curiam*) (affirming dismissal of claims against law firm and attorneys as not state actors).

Davis alleges that Leventhal was "hired" to "retrieve" social security benefits on his behalf and that Leventhal, another attorney from the Leventhal Firm, or Shore attended a video court appearance on Davis's behalf.  The allegations describe these Defendants performing traditional legal-related functions in connection with their representation of Davis.  Nothing in the Complaint raises a plausible inference that there was "such a close nexus between the State and the challenged action[s]" to convert Defendants' private representation of Davis in the civil matter into state action for purposes of liability under § 1983.  Accordingly, any § 1983 claims that Davis intended to assert against Leventhal, Shore, or the Leventhal Firm will be dismissed.  Nor can the Court discern any other plausible basis for a federal claim against these Defendants from the facts alleged.

To the extent that Davis intended to assert state law claims against Leventhal, Shore, or the Leventhal Firm in connection with their representation of him to secure social security benefits, the Court lacks jurisdiction over those claims.  Because the Court has dismissed Davis's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens of different States where the amount in controversy exceeds $ 75,000.  Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015).  An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain.  *See Washington v.*

*Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "A partnership [such as a law firm], as an unincorporated entity, takes on the citizenship of each of its partners." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Although Davis does not allege his citizenship, he lists a Pennsylvania address for himself as well as for Leventhal, Shore, and the Leventhal Firm. Thus, it appears that diversity jurisdiction is lacking over this action. Accordingly, to the extent Davis intended to assert state law claims, they will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Davis leave to proceed *in forma pauperis* and dismiss his Complaint. Davis's claims against the SSA and his federal claims against Leventhal, Shore, and the Leventhal Firm will be dismissed with prejudice. The state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). A final Order follows.

**BY THE COURT:**

**KAI N. SCOTT, J.**